UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY SYNTRELL YOUNG                                    CIVIL ACTION

VERSUS                                                    NO. 21-184

JOHN RICHARD, *et al.*                                    SECTION A (3)

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant County Hall Insurance Company, Inc. ("County Hall").[1] For the reasons that follow, this motion shall be **DENIED**.

### Background

Anthony Young was driving in Orleans Parish two days before Thanksgiving in 2019 when his vehicle was struck by a commercial truck then being operated by one John Richard and owned by Stevie Trucking Corporation.[2] Young sued for damages in the Orleans Parish Civil District Court, naming as defendants Richard, Stevie Trucking, and County Hall (who allegedly insured both parties at the time of the accident).[3] Defendants removed to this Court on diversity jurisdiction.[4] After a long period of inactivity, the Court issued a call docket order requesting return of service of process.[5] As no such return was provided, the Court dismissed John Richard and Stevie Trucking without prejudice.[6] After yet another long period of inactivity, County Hall filed this motion for summary judgment. The Court considers.

---

[1] R. Doc. 19.
[2] R. Doc. 1-2 at 3.
[3] *Id.* at 1.
[4] R. Doc. 1-1.
[5] R. Doc. 8.
[6] R. Doc. 9. The incorrectly named "County Hall Insurance Company" was likewise dismissed. County Hall Insurance Company, Incorporated remains in the case.

**Summary Judgment Standard**

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate where the record reveals no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party.[7] A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[8]

The Supreme Court has emphasized that the mere assertion of a factual dispute does not defeat an otherwise properly supported motion.[9] Therefore, where contradictory "evidence is merely colorable, or is not significantly probative," summary judgment remains appropriate.[10] Likewise, summary judgment is appropriate where the party opposing the motion fails to establish an essential element of its case.[11] In this regard, the nonmoving party must do more than simply deny the allegations raised by the moving party.[12] Instead, it must come forward with competent evidence, such as affidavits or depositions, to buttress its competing claim.[13] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible at trial do not qualify as competent opposing evidence.[14] Finally, in evaluating a summary judgment motion, the Court must read the facts in the light most favorable to the nonmoving party.[15]

**Analysis**

Defendant's entire motion is premised on an interpretation of Louisiana law that the Louisiana Supreme Court has already rejected. Louisiana Revised Statute 22:1269(B) governs direct actions against insurance companies by injured persons. It provides that "such action[s] may be brought against

---

[7] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).
[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[9] *See id.*
[10] *Id.* at 249–50 (citation omitted).
[11] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[12] *See Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992).
[13] *Id.*
[14] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam).
[15] *Anderson*, 477 U.S. at 255.

the insurer *alone* only when at least one" of certain prerequisites are present.[16] County Hall submits that as none of the prerequisites are present here, and as the action is currently proceeding only against the insurer since the insured parties were dismissed for failure to prosecute, summary judgment should be granted.

In response, the plaintiff notes correctly that the Louisiana Supreme Court has held that "when an action is 'brought' (i.e., commenced) against *both* the insured and the insurer, the six circumstances enumerated in LSA-R.S. 22:1269(B)(1)(a)-(f) are not implicated, regardless of whether the insured tortfeasor is thereafter dismissed."[17] In this case, the action was brought against *both* the insured tortfeasors (John Richard and Stevie Trucking Corporation) *and* County Hall, the insurer.[18] According to the Louisiana Supreme Court, the fact that the insured parties were later dismissed for failure to prosecute does not render this action moot. This motion is of no merit.

## Conclusion

Therefore, for the foregoing reasons,

**IT IS ORDERED** that the motion for summary judgment filed by County Hall (R. Doc. 19) is **DENIED**.

July 26, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[16] LSA-R.S. 22:1269(B)(1) (emphasis added).
[17] *Soileau v. Smith True Value & Rental*, 144 So. 3d 771, 778-779 (La. 2013).
[18] R. Doc. 1-2.